IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDY L. APPLEWHITE                                                                   PLAINTIFF

v.                                                                                          No. 4:06CV64-P-A

"UNKNOWN" BOOKER                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Randy L. Applewhite, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

During a shakedown, the plaintiff was accused of possessing contraband (cigarettes and a lighter). A staff member issued a rule violation report stating that he found the contraband in the possession of the plaintiff. The plaintiff was placed in Administrative Segregation pending the outcome of the hearing on the rule violation report. In the interim, the staff conducted an investigation of the matter, causing a delay prior to the hearing, which was not held until ten or eleven days after the incident. The plaintiff was found guilty of the rule violation report and punished by having to perform extra work. The plaintiff has completed the extra work for the rule violation report, but the infraction has raised his point level in the Objective Classification System, and the plaintiff has thus been placed in a more restrictive custody classification.

## *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. A state "may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor state law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was to perform extra duties. In addition, the rule infraction – and other factors – have led to his long-term placement in a more restrictive custody classification. Neither of these consequences qualifies as an atypical significant deprivation; each falls within the expected parameters of the sentence imposed by the state court.

As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE